Mary Phillips RUSHTON as sole general partner of The Rushton Company, a limited partnership, and The Rushton Company, Plaintiffs-Appellants,

v.

Joseph VITALE and Benny Rosano, individually and as copartners doing business under the firm name and style of Smile Novelty & Toy Company, Defendants-Appellees.

No. 123, Docket 23221.

United States Court of Appeals, Second Circuit.

Argued Jan. 14, 1955.

Decided Jan. 26, 1955.

Eugene L. Bondy, New York City (Bondy & Schloss and Bertram Braufman, New York City, on the brief), for plaintiffs-appellants.

Sam Panish, Brooklyn (Liebowitz, Cobert & Deixel, New York City, on the brief), for defendants-appellees.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

CLARK, Chief Judge.

Plaintiffs are suing to enjoin the infringement of a copyright, issued May 10, 1954, on a doll in the form of a chimpanzee named Zippy. This toy has been marketed by them, after a considerable expenditure of time, effort, and money, to fulfill a seasonal demand created by the Howdy Doody television program, on which a chimpanzee named Zippy appears. Despite the fact that defendants' doll is substantially identical to, and was obviously copied from, that of plaintiffs, the judge below refused to grant a preliminary injunction before full trial. His memorandum of decision stated: "From the papers submitted I am satisfied that there is a genuine triable issue as to the validity of plaintiffs' copyright and in view of plaintiffs' failure to show irreparable damage, the granting of the drastic remedy of a preliminary injunction is not justified in advance of a trial of the issues." Plaintiffs appeal pursuant to 28 U.S.C. § 1292, controverting both assumptions on which the denial of injunction rested.

From the pleadings and affidavits before us, on which Judge Inch based his decision, there seems little doubt as to the validity of plaintiffs' copyright or as to its infringement. Copyright protection extends to any production of some originality and novelty, regardless of its commercial exploitation or lack of artistic merit. Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L. Ed. 630; see also Notes in 68 Harv.L. Rev. 517 (1955) and 66 id. 877 (1953). Indeed, we have said: "All that is needed to satisfy both the Constitution and the statute is that the 'author' contributed something more than a 'merely trivial' variation, something recognizably 'his own.' Originality in this context 'means little more than a prohibition of actual copying.' No matter how poor artistically the 'author's' addition, it is enough if it be his own." Alfred

**436**

Bell & Co. v. Catalda Fine Arts, 2 Cir., 191 F.2d 99, 102, 103, per Circuit Judge Frank. Here, moreover, mere judges can hardly risk condemning Zippy for lack of artistry and thus prove themselves false prophets to the far-flung faithful Howdy Doody audience, which seemingly adores his bizarre features and funny face. The mere fact that these were based on a live model does not deprive them of the necessary amount of originality.

■ Nor can we agree with defendants' contention that plaintiffs waived their copyright by permitting photographs of Zippy to appear in trade journals. Where, as here, each copyrighted object is itself properly labeled to comply with the notice requirements of 17 U.S.C. § 10, reproductions in trade journals do not result in loss of the copyright. Alfred Bell & Co. v. Catalda Fine Arts, supra, 2 Cir., 191 F.2d 99, 105. Plaintiffs correctly point out that defendants' copy could in any case have been derived only from the three-dimensional figure itself. The evidence which supports this—the reproduction of plaintiffs' mold number, and of plaintiffs' copyright notice, on defendants' dolls—also makes infringement indisputable, since the visual resemblance between the two dolls is apparent. See F. W. Woolworth Co. v. Contemporary Arts, 1 Cir., 193 F.2d 162, affirmed 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276.

■■ When a prima facie case for copyright infringement has been made, plaintiffs are entitled to a preliminary injunction without a detailed showing of danger of irreparable harm. Houghton Mifflin Co. v. Stackpole Sons, Inc., 2 Cir., 104 F.2d 306, certiorari denied Stackpole Sons, Inc. v. Houghton Mifflin Co., 308 U.S. 597, 60 S.Ct. 131, 84 L.Ed. 499; L. C. Page & Co. v. Fox Film Corp., 2 Cir., 83 F.2d 196; American Code Co. v. Bensinger, 2 Cir., 282 F. 829; Fishel v. Lueckel, C.C.S.D.N.Y., 53 F. 499. Plaintiffs' allegation that the market for their toy is seasonal and likely to be exhausted by Easter is nowhere controverted. Hence the district court erred in refusing to grant a preliminary injunction to plaintiffs in this case. Its order is accordingly reversed, and the case is remanded for immediate entry of the injunction.

Reversed and remanded.