**MODERN AIDS, INC., Plaintiff-Appellee,**

v.

**R. H. MACY & CO., Inc., Defendant-Appellant.**

**No. 175, Docket 25342.**

United States Court of Appeals
Second Circuit.

Argued Jan. 23, 1959.

Decided March 3, 1959.

Thomas V. Kelly and Charles T. Stewart, New York City, for defendant-appellant.

Joseph Zalk, Zalk & Hayashi, New York City, for plaintiff-appellee.

Before HAND and WATERMAN, Circuit Judges, and BYERS, District Judge.

PER CURIAM.

The defendant appeals from an interlocutory order of Judge Palmieri, enjoining it from infringing the plaintiff's copyrighted advertisement of a mechanical massage machine, and from selling the machine or any machine "substantially similar" to that "exhibited to the court." So far as concerns the copyright, the order was plainly right. The plaintiff's advertisement was made up of pictures and script, and the infringement consisted of an obvious copy of the chief picture and of several substantial parts of the script. The only defense suggested is that the plaintiff's copyrighted sheets appeared in two newspapers, published in Atlanta, Georgia, and in Columbia, South Carolina; and that on neither appeared the copyright notice required by § 10 of the Copyright law (Title 17 U.S.C.). There was, however, no evidence whatever that the plaintiff was at fault for the absence of the notice in these instances and the defendant had the burden of proof upon the issue of invalidation.

On the other hand we cannot agree that the record supports that part of the order that forbad the defendant from advertising or selling any massage machine "similar" to the plaintiff's. The plaintiff had no patent, and except for one proviso the defendant was free to imitate its machine as closely as it chose, no matter how much the competition might lessen the plaintiff's sales. That proviso was that, if the buying public had come to believe that every machine made after the plaintiff's model was the plaintiff's product, and had in any degree relied upon the source of the machine, rather than its performance, the plaintiff might have some relief. Even then, however, the relief would go no further than to require the defendant to make plain to buyers that the plaintiff was not the source of the machines sold by it. The evidence is far from establishing that this was true.

That part of the order which enjoined infringement of the copyright will be affirmed; the remainder will be reversed.