SCARVES BY VERA, INC., Plaintiff,

v.

UNITED MERCHANTS AND MANU-
FACTURERS, INC., Cohn-Hall-Marx
and Sears, Roebuck and Co., Defend-
ants.

United States District Court
S. D. New York.

June 8, 1959.

Rehearing Denied June 24, 1959.

Samuel J. Stoll, Jamaica, N. Y., for plaintiff.

Stroock, Stroock & Lavan, New York City, for defendants.

EDELSTEIN, District Judge.

Plaintiff, a manufacturer of ladies' scarves and blouses, has brought an action for copyright infringement and unfair competition against the defendants, a manufacturer of textile fabrics (United Merchants and Manufacturers, Inc.) and a retailer (Sears, Roebuck and Company). Each of the first three causes of action alleges the infringement of plaintiff's copyrighted work of art, in the form of a silk screen painting, by the defendants' publishing and placing on the market a copy of the work. A fourth cause of action alleges the infringement of the subject matter of the first three by the publication, in catalogues and other sales literature, of copies of the copyrighted works. The fifth cause of action is against the defendant Sears, Roebuck and Company only, alleging unfair competition in the use of trademarks confusingly similar to plaintiff's. The present application is one by the plaintiff for a preliminary injunction restraining the manufacture and sale of fabrics [1] em-

1. United Merchants and Manufacturers, Inc. prints, manufactures and sells fabrics bearing the accused designs, apparently in the form of unfinished blouses to be com-

pleted by the ultimate consumer. United sells these fabrics to Sears, Roebuck and Company, which retails them.

bodying the three copyrighted designs [2] and the defendant Sears, Roebuck cross-moves for dismissal of the fifth cause of action.[3]

■ Plaintiff has obtained certificates of copyright Nos. Gp 16899, Gp 16624 and Gp 15744, under class (g) of 17 U.S.C. § 5: "Works of art; models or designs for works of art." Each is a silk screen painting which plaintiff applies in the manufacture of ladies blouses. The first is titled "Big Fish", the second, "Sailor", and the third, "Ice Cream Parlor". The defendants do not argue that a design printed upon blouse fabric is not a proper subject of copyright, or that the designs in issue were not validly copyrighted. Clearly the design is a proper subject of copyright, Peter Pan Fabrics, Inc. and Henry Glass & Co. v. Brenda Fabrics, D.C.S.D.N.Y., 169 F.Supp. 142, (Dimock, J.); Cf. Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630; see 37 C.F.R. § 202.10(b), as of Jan. 1, 1959. And there is sufficient originality in the designs to warrant copyright. Obviously, fish, sailor suits and ice cream parlor trappings are in the public domain, but the plaintiff has contributed enough to qualify the designs as distinguishable variations. See Alfred Bell & Co., Ltd. v. Catalda Fine Arts, Inc., 2 Cir., 191 F.2d 99, 102–103. "Copyright protection extends to any production of some originality and novelty, regardless of its commercial exploitation or lack of artistic merit." Rushton v. Vitale, 2 Cir., 218 F.2d 434, 435; Mazer v. Stein, supra.

■ On the issue of copying, I have not even a lingering doubt. The accused designs are certainly not "Chinese copies" but, in all three pairs of designs, a cursory comparison reveals such striking and pronounced similarity as to give rise to a strong inference of copying. See Joshua Meier Company v. Albany Novelty Manufacturing Company, 2 Cir., 236

F.2d 144, 146. It is true that both plaintiff's and defendants' designs involve commonplace subject matters and a substantial similarity would not necessarily indicate copying. But the dissimilarities appear quite obviously to be the result of a studied effort to make minor distinctions, and this effort is itself evidence of copying. The final and overwhelming clue is in the use of color schemes. While it is not, of course, alleged that the copying of color constitutes infringement, the use of colors in the accused designs is a devastating indication that the plaintiff's designs were the source of the defendants'. The defendants vigorously deny copying, as a matter of fact and principle. But no affidavit has been submitted by any person or persons responsible for the actual graphic production of their designs. I find that the accused designs are copies of the plaintiff's copyrighted works.

■ But the defendants urge that the claimed notices of copyright are inadequate and not within the statutory provision of 17 U.S.C. § 19 which prescribes the form of the notice as follows:

"In the case * * * of copies of works specified in subsections (f) to (k), inclusive, of section 5 of this title, the notice may consist of the letter C enclosed within a circle, thus: ©, accompanied by the initials, monogram, mark, or symbol of the copyright proprietor: *Provided*, That on some accessible portion of such copies or of the margin, back, permanent base, or pedestal, or of the substance on which such copies shall be mounted, his name shall appear."

Plaintiff has applied its copyright notice to its blouses by means of a woven label, containing the name "Vera" accompanied by a "c" in a circle, sewed into a side seam immediately adjacent to the

2. The motion for injunctive relief is necessarily limited to the first three causes of action, in view of the practical impossibility of enjoining any infringement that may occur in published and distributed mail-order catalogues.

3. Plaintiff has conceded defendant United's motion to strike the allegation of diversity jurisdiction and to strike Cohn-Hall-Marx as a defendant.

bottom opening of the garment. Also tied to the woven label is a cardboard hangtag which hangs below the bottom of the garment, and which also contains the name "Vera" and the encircled letter "c". There is no doubt that the hangtag does not meet the statutory requirement. Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co., D.C., 144 F.Supp. 577. But I find that the woven label does. The fact that it is sewed into a side seam rather than on the neck or some more obvious place is not reasonably to be available to a copier as a basis for arguing that he was entrapped. The label is not hidden and it is located in a sufficiently obvious place to apprise anyone seeking to copy the design of the existence of the copyright. See Shapiro, Bernstein & Co., Inc. v. Jerry Vogel Music Co., Inc., 2 Cir., 161 F.2d 406, 409, certiorari denied 331 U.S. 820, 67 S.Ct. 1310, 91 L.Ed. 1837.

■ The full name of the plaintiff copyright proprietor, however, does not appear on the label. But "Vera" is the dominant part of the full name "Scarves by Vera, Inc.", and it is a trademark registered by the plaintiff in New York State. It is not denied that the plaintiff is a large and well-established manufacturer of ladies' scarves recognized both by the trade and among the consuming public as being the leader in its field. It also manufactures allied articles of wearing apparel and accessories such as blouses, headwear and ties. Each year it creates and copyrights hundreds of original patterns and designs for its merchandise. And all of the plaintiff's designs, including those in suit, are printed with the name "Vera" conspicuously in one corner. It has prominently advertised its copyrights to the trade, using the name "Vera" conspicuously. Although there is a passing reference in the affidavit submitted on behalf of the defendant Sears, Roebuck and Company that the copyright notice used "only an unknown trade name of the plaintiff", it is significant that the affidavit submitted on behalf of the manufacturing defendant makes no such allegation in its dis-

cussion of the label. Indeed, in defendants' brief it is argued that if the plaintiff had truly wished to inform the public of its copyright claim it could easily have placed an encircled "C" next to the name "Vera" appearing on the outside of its blouses. In all these circumstances, I must credit the affidavit submitted on behalf of plaintiff stating that "Vera" is known throughout the industry as signifying the plaintiff. Accordingly, I find that no innocent person could have been misled by seeing the notice "Vera" accompanied by the encircled "c", and that the use of this notice substantially complied with the statutory prescription. Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co., supra, and cases cited at 144 F.Supp. at pages 58–581.

■ Defendants further urge defective notice in that the notice has not been affixed to each copy of the copyrighted work, in accordance with section 10 of Title 17. The plaintiff's blouses with the "Big Fish" and the "Ice Cream Parlor" motifs bear two separate imprints of the same design, one on the front side and one on the back. But if the notice was sufficient in Boucher v. Du Boyes, Inc., 2 Cir., 253 F.2d 948, certiorari denied 357 U.S. 936, 78 S.Ct. 1384, 2 L.Ed.2d 1550, wherein it was stamped only upon one earring of a pair, then the notice is certainly sufficient here. If each pair of earrings is to be considered a unit, then certainly a single blouse with two designs must be similarly considered.

Finally, the defendants urge that the plaintiff has dedicated two of the designs in suit by means of publication without copyright notice. A dish towel with the "Ice Cream Parlor" motif and "do it yourself blouse kits" with the "Ice Cream Parlor" and the "Big Fish" designs were produced at the argument, none of which bore the copyright notice. The plaintiff's reply affidavit indicates that the towel was sold by another company, and concedes the possibility that a few "do it yourself" kits might have gone out without a copyright notice by accident or mistake. There was no evidence that the plaintiff was at fault for the absence of

the notice and the defendants had the burden of proof on the issue of invalidation. Modern Aids, Inc. v. R. H. Macy & Co., Inc., 2 Cir., 264 F.2d 93.

▮ Plaintiff has made a prima facie showing that its copyrights were valid and that the defendants have infringed, the one by manufacturing and selling fabrics with the accused designs to the second, and the second by selling the fabrics to the general public. When a prima facie case for copyright infringement has been made, plaintiff is entitled to a preliminary injunction without a detailed showing of danger of irreparable harm. Rushton v. Vitale, supra. The plaintiff has made an adequate showing. It is a style leader in its field, selling to the "better" shops at relatively high prices. While the retail season is now under way, the manufacturer's and wholesaler's season obviously continues for re-orders. The plaintiff has accumulated a substantial inventory of blouses in expectation of its normal and expected re-order business, but the business has failed to materialize except for small sales at reduced prices. The same result is alleged to have occurred for initial business. The fabrics manufactured and sold by the defendants, embodying plaintiff's designs in unfinished blouses, compete with plaintiff's apparel at prices far below those of plaintiff's customers. Not only loss of sales and profits are involved, but also quick obsolescence of an inventory robbed of its distinctive appeal by sales of infringing fabrics at lower prices, and attendant loss of good will.

I find that plaintiffs will suffer irreparable injury if a preliminary injunction is not issued. The motion is granted, enjoining the manufacture and sale of fabrics with the three infringing designs. The plaintiff must furnish security in the amount of $10,000 to each defendant.

The fifth cause of action, which is pleaded against the defendant Sears, Roebuck and Company alone, is the subject of the cross-motion to dismiss. It alleges that the plaintiff has used the trademark "Jollitops" in connection with the sale of women's and girls' blouses throughout the United States so that it has become well known and widely recognized as plaintiff's exclusive trademark identifying plaintiff's goods; that the defendant in its catalogue, has adopted confusingly similar trademarks—"Jollytops" and "Jolly-Top"—for similar goods to confuse and deceive the public as to the origin of the goods; and that by reason of these facts, the defendant is infringing the plaintiff's trademark and is engaging in unfair competition with the plaintiff. Jurisdiction is invoked under 15 U.S.C. § 1125, 15 U.S.C.A. § 1125 (section 43 of the Lanham Act), and plaintiff in addition urges pendent jurisdiction under 28 U.S.C. § 1338(b), there being no diversity of citizenship.

▮ Although an earlier and much criticized Second Circuit rule on pendent jurisdiction [4] has been broadened, Maternally Yours, Inc. v. Your Maternity Shop, 2 Cir., 234 F.2d 538, the cause of action here for unfair competition nevertheless does not meet the "relation" test for pendent jurisdiction. The fourth cause of action, claiming copyright infringement of three copyrighted designs by publication in catalogues and sales literature, states a substantial claim, but it is difficult to see how it is really related to the claim in the fifth cause of action, except insofar as the alleged trademark incidentally covers blouses made with the three copyrighted designs. The substantial identity of proof for the two claims is no longer required, but there must be some substantial overlapping or intertwining in the course of proof. Schreyer v. Casco Products Corp., 2 Cir., 190 F.2d 921, certiorari denied 342 U.S. 913, 72 S.Ct. 360, 96 L.Ed. 683; Telechron, Inc. v. Parissi, 2 Cir., 197 F.2d 757; and see dissenting opinions of Judge Clark in Lewis v. Vendome Bags, Inc., 2 Cir., 108 F.2d 16, 18; Musher Foundation v. Alba Trading Co., 2 Cir., 127 F.2d 9, 11; Kleinman v. Betty Dain

4. See 2 Moore's Federal Practice (2nd ed.) 375, n. 82, and 3 Moore's Federal Practice (2nd ed.) 1816–1817.

Creations, 2 Cir., 189 F.2d 546, 549. Proof of the copyright claim will involve almost nothing that is relevant to proof of a claim for unfair competition based upon a common law trademark. The core of the plaintiff's grievance is not the same in each case: in the one it is the violation of the right to the exclusive use of certain designs, and in the other it is the violation of the right to exclusive use of a mark covering an entire line of blouses of whatever design.

■ While I do not believe that this court has pendent jurisdiction of the claim for unfair competition based upon a common law trademark infringement, I conclude that it does have jurisdiction of such a claim under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), 15 U.S.C.A. § 1125(a). That section has provided a remedy by way of civil damages or injunction against anyone who, in connection with goods or services in commerce uses a false designation of origin or any false description or representation. Parkway Baking Company v. Freihofer Baking Company, 3 Cir., 255 F.2d 641; L'Aiglon Apparel v. Lana Lobell, Inc., 3 Cir., 214 F.2d 649. Defendant urges that the section should be limited to those claims of unfair competition that are independent of trademark infringement and which have as a basis some different kind of false description or false designation of goods. But the broad terminology of the statute is without ambiguity and I see no justification for reading in an exception. The theory of the fifth cause of action is that the defendant's use of the expressions "Jollytops" and "Jolly-Top" constitutes a false designation of origin and a false description and representation in violation of 15 U.S.C. § 1125(a), 15 U.S.C.A. § 1125(a). "It may well be that if the plaintiff has acquired a common law trademark, the defendant's use of that mark constitutes a false designation of origin within the meaning of § 1125(a)." Joshua Meier Company v. Albany Novelty Mfg. Co., supra, 236 F.2d at page 147. And see Judge Clark's concurring opinion in Maternally Yours Inc. v. Your Maternity Shop, supra, 234 F.2d at page 546. Accordingly, the motion to dismiss the fifth cause of action is denied.

Settle an order on notice.

### Supplementary Memorandum

The motion for reargument is denied. Plaintiff's affidavit in opposition to the motion adequately explains the existence, as the result of a mistake, of items not bearing the copyright notice, and there is no evidence that the plaintiff was at fault. Modern Aids, Inc., v. R. H. Macy & Co., Inc., 2 Cir., 264 F.2d 93. The point that the name "Vera" is not known as signifying only the plaintiff is made argumentatively in a memorandum. No additional sworn statements of fact or denials have been submitted. Accordingly, I adhere to my original analysis, based upon the affidavits.