**CORTLEY FABRICS COMPANY, Inc.,**
**Plaintiff,**

v.

**Joseph SLIFKA and Sylvia Slifka, individually and as copartners d/b/a Slifka Fabrics, and Armory Fabrics, Inc., Defendants.**

United States District Court
S. D. New York.
July 17, 1959.

Strasser, Spiegelberg, Fried & Frank, New York City, for plaintiff, John F. Finn, Jr., Gerald E. Paley, New York City, of counsel.

Arnold R. Krakower, New York City, for defendants, Isidore A. Seltzer, New York City, of counsel.

DAWSON, District Judge.

This is an application for a preliminary injunction, pursuant to Rule 65 of the Rules of Civil Procedure, 28 U.S.C., enjoining the defendants from alleged infringement of a copyrighted reproduction of a work of art on fabric. The defendants have submitted no answering affidavit, and have not contested the allegations of the moving affidavits.

It appears that plaintiff is in the business of manufacturing fabrics; that it had purchased an original design for a fabric from its creator and reproduced that design on a fabric which it sells; that the reproduction of this work of art on the fabric has been copyrighted by it and a Certificate of Registration of Copyright, identified as Class H, Registration No. 7744, has been issued to it by the United States Copyright Office. It appears that the plaintiff affixed notice of the copyright to the fabric which it manufactured. It further appears that subsequent to February 12, 1959, defendants have been manufacturing and distributing an inferior grade of cloth on which they copied plaintiff's reproduction of the copyrighted design. The copies of the fabrics submitted on this motion are so substantially the same in appearance that it is virtually impossible to distinguish one from the other.

■ It is settled in copyright infringement cases that a preliminary injunction should issue when plaintiff makes a prima facie showing that his copyright is valid and that the defendant has infringed. American Code Co., Inc. v. Bensinger, 2 Cir., 1922, 282 F. 829, 831. See opinion in Peter Pan Fabrics, Inc. and Henry Glass & Co. v. Acadia Company, Inc., D.C.S.D.N.Y.1959, 173 F.Supp. 292.

■ Plaintiff has shown in its moving affidavits that its copyright is valid and that defendants have infringed it. The only arguments made by defendants are arguments of law, including alleged un-

constitutionality of the copyright statute. The arguments are so patently wrong that they are unworthy of consideration in this opinion. If there were any factual issue involved, the Court would have been ready to consider it with great care, but, apparently, the facts are as alleged by the plaintiff. Under the circumstances plaintiff is entitled to a preliminary injunction.

It should be pointed out that this is not the only time that this type of action has been brought against these defendants. About eighteen months ago a similar action was brought by the same plaintiff against two of the same defendants (Civil Action No. 128–80, S.D.N.Y. 1957). In that action a final judgment by consent was entered on June 10, 1958, restraining these defendants from infringing plaintiff's copyright on reproductions of work of art on a fabric.

Less than one month ago this Court issued a preliminary injunction against these same defendants in an action brought by Prentiss-Lane, Inc. (Civil Action No. 147–226) restraining the defendants from committing acts substantially the same as those in the instant case, i. e., infringement of a copyrighted fabric.

The defendants are undoubtedly well-acquainted with the copyright law. This court is too busy a court to be burdened with a series of actions against the same defendants for alleged piracy of copyrighted designs on fabrics which apparently grow out of the desire of defendants to take advantage of somebody else's design, make a quick profit in selling it and then, when sued, consenting to the entry of a consent injunction. The previous civil actions apparently have not been sufficient deterrents to defendants in pursuing their piratical course of conduct. Under the circumstances the Court believes that the proper authorities should consider invoking the provisions of § 104 of the Copyright Law, Title 17 U.S. C. § 104, which provides criminal penalties against any person who shall knowingly and willfully aid or abet infringement of a copyright. The Court is there-fore sending a copy of this opinion to the United States Attorney for the Southern District of New York for such action as he may care to take in the circumstances.

The motion for a preliminary injunction is granted. Submit form of order in accordance with the provisions of Rule 65 of the Rules of Civil Procedure.