**AMERICAN SAFETY TABLE COM-
PANY, Inc., Plaintiff-Appellee,**

v.

**Joseph SCHREIBER and David Goldberg,
individually and as partners trading as
Schreiber & Goldberg, Defendants-Ap-
pellants.**

**No. 88, Docket 26228.**

United States Court of Appeals
Second Circuit.

Argued Nov. 17, 1960.

Decided Feb. 28, 1961.

Rehearing Denied March 22, 1961.

Leon Edelson, Philadelphia, Pa.,
by Paul S. Bolger (Keith, Bolger, Isner
& Byrne, New York City, on the brief),
for plaintiff-appellee.

Charles Sonnenreich, New York City,
for defendants-appellants.

Before LUMBARD, Chief Judge, and
MEDINA and MOORE, Circuit Judges.

MEDINA, Circuit Judge.

This litigation involved two actions
that were consolidated for trial. The
first was an action for patent infringe-
ment and unfair competition; the second
was for infringement of a patent in the
same subject matter issued after the
commencement of the first action. The
trial resulted in the dismissal of the
claim for unfair competition and an ad-
judication that both patents were valid
and infringed. Separate judgments were
entered in the two actions, and in the
second one a counsel fee was allowed to
plaintiff. We reversed the judgment in
the second action, held the second patent
invalid for lack of invention, set aside
the counsel fee and dismissed the com-

plaint. In the first action we affirmed the adjudication of patent validity and infringement, reversed the dismissal of the claim of unfair competition and directed the issuance of an injunction and an accounting. As there had been a single trial of closely related issues and the ultimate result was a substantial victory for plaintiff, we treated the subject matter as constituting an integral controversy and directed that on the remand reconsideration be given to the part of the judgment in the first action that denied plaintiff's application for a counsel fee.

On the remand, and on the basis of the trial record without further testimony the trial judge determined that a counsel fee should be paid by defendants and that they were liable for damages for infringement of the patent involved in the first action and for damages caused by the unfair competition; and the interlocutory judgment appealed from appointed a Special Master to fix the amount of the counsel fee and conduct the accounting necessary to determine the amount due to plaintiff as damages. The interlocutory judgment also formulated the terms of the injunction required to implement the directions contained in our mandate. Plaintiff appeals only "from that part of the (interlocutory) judgment made and entered in this action on February 24, 1960, numbered '5,' '6,' '8(a), (g), (h), (i)' and from so much of '8(e)' as requires defendants to 'designate upon used Amco collar pressing machines and die assemblies submitted to defendants for repair, reconstruction or reconditioning, that the same is a used Amco unit.'" Defendants also appeal from the order denying their motion to amend this interlocutory judgment. Defendants also apply for mandamus to review and set aside the parts of the interlocutory judgment relating to the counsel fee and the accounting.

The issues at the trial were extremely complicated and confusing, and we shall, in the ensuing discussion, assume familiarity with our opinion on the prior appeal. American Safety Table Company v. Schreiber & Goldberg, 2 Cir., 1959, 269 F.2d 255, Judge Clark dissenting, certiorari denied 1959, 361 U.S. 915, 80 S.Ct. 259, 4 L.Ed.2d 185.

In view of the specified limitations in the amended notice of appeal, attention should be directed first to the portions of the interlocutory judgment not under attack. Patent No. 2,090,318 has been held to be valid and infringed (Paragraphs 2 and 3). Schreiber & Goldberg have been directed to account for infringement damages (Paragraph 4). In the unfair competition claim, Schreiber & Goldberg are enjoined from advertising their machines without clearly identifying them as the manufacturer (Paragraph 8(b)), from advertising the names of Amco's exclusive agents or dealers in connection with Schreiber & Goldberg's machines (Paragraph 8(c)), from the use of parts made by or for Amco in machines sold by Schreiber & Goldberg as new and of their own manufacture (Paragraph 8(d)), and from the use in Schreiber & Goldberg machines of parts made by or for Schreiber & Goldberg bearing Amco numbers or identifying indicia (Paragraph (f)).

Although Schreiber & Goldberg complain of Paragraphs 5, 8(a) and 8(i), these paragraphs conform to the intent of our opinion on the former appeal. They do no more than direct an accounting for all "damages sustained and the profits lost by plaintiff [Amco] on account of the unfair trade practices by the defendants [Schreiber & Goldberg] until such time as the same may have been discontinued"; to enjoin fraudulent marketing (8(a)); and to enjoin practices likely to result in confusion as to source of origin of the machines (8 (i)). These provisions are necessary to carry out our original opinion and they fairly reflect unfair competition principles.

Thus there remain Paragraphs 8(e), 8(g) and 8(h). These injunctive provisions must be tested against the directions of this Court and the law relating to unfair competition.

To further narrow the issues, clarification of 8(e) is necessary. Schreiber & Goldberg's amended notice of appeal misconstrues this paragraph. Schreiber & Goldberg are enjoined "from the repair, reconstruction or reconditioning for resale by defendants of any used Amco collar pressing machines and die assemblies without clearly designating upon such machines and die assemblies and in defendants' invoices relating thereto that the same is a used Amco unit." The critical words are "for resale by defendants" which apply to repair, reconstruction and reconditioning. When a "customer" submits a die assembly for remodelling, of course, as Schreiber & Goldberg claim, he knows from whom he previously purchased the die. Paragraph 8(e) does not require additional markings on dies remodelled and returned to customers. Such dies are not for resale. Amco concedes as much in its brief (p. 11) in saying:

"This provision is not intended to cover dies or machines which the customer may send to the defendants for repair, reconditioning, reconstruction or remodelling *and which remain the property of the customer.* Instead, it is intended to cover Amco dies and machines which come into the possession of the defendants by purchase, trade-in or otherwise and which are repaired, reconditioned or reconstructed, as distinguished from any *remodelling* thereof, by the defendants and then *resold* by them." (Emphasis by counsel.)

Because of the possibility of confusion in the case of a sale, Amco argues that "the defendants should not be permitted to sell a remodelled Amco die in which certain original Amco parts, * * * are replaced by corresponding parts made by the defendants, particularly if such substituted parts carry the defendant's name or initials." However, this restraint is applicable only if the resale is made "without clearly designating upon such machines and die assemblies and in defendant's invoices relating

thereto that the same is a used Amco unit." This requirement does not exceed the demands of ordinary commercial honesty and should be affirmed.

■ Do Paragraphs 8(g) and (h) go beyond what we intended should be done to conform to the direction in the opinion, 269 F.2d at page 277, that Schreiber & Goldberg be ordered "to adopt reasonable means to distinguish their machines from the Amcos"? It is argued that the provisions of Paragraphs 8(g) and (h) in effect put Schreiber & Goldberg out of the business of manufacturing and selling double-point collar pressing machines and die assemblies, and establish a perpetual monopoly for the benefit of Amco. We certainly never intended any such result. On the contrary, as indicated in the opinion again and again, we intended no departure from the basic principles of the law of unfair competition as stated in this Circuit. In our exposition and analysis of the problems and difficulties of balancing the equities between competition and monopoly we summarized at pages 274–275 of the opinion some of the factors bearing upon the requirement "that the means of distinction be reasonable under the circumstances." Simple as this direction may be, the word "reasonable" raises many of the most complex problems in the law of unfair competition. The adoption of reasonable means to distinguish the Schreiber & Goldberg machines and die assemblies from the Amcos is a particularly delicate task here as, after the expiration of Voigt Patent No. 2,090,818 in 1954, Schreiber & Goldberg would have been entitled to copy the Amco machine as disclosed in the patent, down to the last detail, but for its fraudulent marketing which we held (at page 271) "makes every feature of the whole scheme actionable in its entirety." Every reasonable means of preventing a continuance of deceptive practices is proper; we did not intend the judgment to go further than this. See Kellogg Co. v. National Biscuit Co., 1938, 305 U.S. 111, 120–121, 59 S.Ct. 109, 83 L.Ed. 73; Modern

Aids, Inc. v. R. H. Macy & Co., 2 Cir., 1959, 264 F.2d 93; J. C. Penney Co. v. H. D. Lee Mercantile Co., 8 Cir., 1941, 120 F.2d 949, 955.

■ With these principles in mind, we find Paragraph 8(g)[1] unnecessary for the protection of Amco's rights and the public generally. Other provisions of the interlocutory judgment are sufficient to avoid the deception which the law does not permit.

■ The new type of Schreiber & Goldberg machine left with us as an exhibit at the time of the argument of this appeal shows the changes already adopted by Schreiber & Goldberg. These changes are all open and obvious. They consist of flattening the top and rounding the bottom edges of the table, changing the slope of the table from 37 to 42 degrees, as above stated, painting it light grey instead of green, and, especially the substitution of the three-pivot toggle for the Y-Yoke, the elimination of the leaf-springs, and the substitution of the ⅝″ bars for the auxiliary pressure arms. Accordingly, we think the inclusion of Paragraph 8(h) was proper. It follows:

"(h) from making or selling or offering for sale double point collar forming and pressing die assemblies wherein the pressure applying member is in the form of a yoke of generally Y-shaped configuration and/or wherein the top pressure shoes are held in leveled position by leaf-spring members bearing against said shoes at points spaced in front of the aforesaid pressure applying yoke member, and/or wherein auxiliary pressure arms for half collar shaping and pressing are made in substantially exact simulation of those employed in plaintiff's ½ die assemblies."

Nothing in Paragraph 8(h) will prevent Schreiber & Goldberg from continuing to manufacture and sell their new type of machines or from repairing old Y-Yoke machines, just as they have been doing for several years. Indeed, as we understand it, some features of the new type of machines have been patented by Schreiber & Goldberg. What Paragraph (h) does is to enjoin the old copying of the Y-Yoke, the use of the leaf-springs and the auxiliary pressure arms. This seems to us to be entirely reasonable, under the circumstances, and to involve no hardship, as the new type machines of Schreiber & Goldberg are said to function as well as the Amcos, despite the marked difference in appearance.

■ So much of the appeal as concerns the provisions of the judgment relating to the accounting and the counsel fee is dismissed as interlocutory and not appealable. We have already indicated that there was no misunderstanding by the trial judge of the meaning of our opinion on the subject of the accounting. Accordingly, as we see nothing sufficiently extraordinary or unusual about the case to warrant mandamus, the petition for mandamus is denied.

Our direction to the District Court is, to modify the interlocutory judgment by the elimination of Paragraph 8(g), and to vacate the stay. Otherwise, the injunctive features of the interlocutory judgment referred to in the amended notice of appeal are affirmed, with costs to Amco.

Affirmed as modified.

### Petition for Rehearing

PER CURIAM.

The petition for a rehearing is denied. Our opinion referred to "reasonable means to distinguish the Schreiber & Goldberg machines and die assemblies from the Amcos." We held that injunction of the use by Schreiber & Goldberg of the Y-Yoke, leaf-springs and auxiliary pressure arms involved no hardship because these features were not a part of

---

1. "(g) from making or selling or offering for sale double point collar forming and pressing machines wherein the table top is rectangularly shaped and/or is sloped to an angle of 37 degrees plus or minus 20 degrees."

the new type Schreiber & Goldberg machines. In our previous opinion we said "Moreover, as long as the source is properly identified, there is nothing wrong in defendants' manufacture of parts interchangeable with plaintiff's. [Citing cases.]" (269 F.2d 255, 274). This statement adequately covers the problem raised by the petition and should eliminate the possibility of vesting Amco with an exclusive monopoly in the interchangeable parts field.