**ROYALTY DESIGNS, INC., Plaintiff,**

v.

**THRIFTICHECK SERVICE CORP.,
Defendant.**

United States District Court
S. D. New York.
Feb. 15, 1962.

Samuel J. Stoll, Jamaica, N. Y., for plaintiff.

Maxwell E. Sparrow, New York City, for defendant; Mark H. Sparrow, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff Royalty Designs, Inc. (Royalty) is the owner of two copyright registrations (numbers Gp16890 and Gp16892) issued May 7, 1958 for plastic molded toy coin banks in the shape of dogs. One registration is for a bank in the shape of a Boxer and the other for a bank in the shape of a Cocker Spaniel. Plaintiff has manufactured and sold its copyrighted banks since November, 1957. Copyright notice is stamped on a metal plug which fits securely into an opening on the bottom of the banks.

Royalty sues for infringement of its registrations alleging that some time in May, 1961 defendant Thrifticheck Service Corp. (Thrifticheck) began to manufacture and sell plastic molded toy banks in the shape of Boxer and Cocker Spaniel dogs which were direct copies of its copyrighted banks. It claims that the only difference between its products and those of Thrifticheck is that its banks are flocked with a substance which gives the appearance of dog hair and defendant's are not.

Royalty now moves for a preliminary injunction restraining Thrifticheck during the pendency of the action from further infringing its copyrights and from distributing and selling the toy dog banks complained of, alleging that unless preliminary injunctive relief is granted it will suffer irreparable injury.

It submitted samples of its finished banks and samples of its banks before they are flocked as well as samples of defendant's finished banks. Comparison of the samples shows conclusively that the Thrifticheck banks are direct copies of the Royalty copyrighted banks. The size, proportions, features and expressions of the animals represented are almost identical, with only minor and insignificant variations. The noses of the Royalty dogs are smooth and are molded as part of the entire bank. In the original molding of the Thrifticheck banks the dog's muzzle is flattened and a separate, somewhat more defined nose piece is glued on. The eyes of the Royalty dogs are predominantly black with some white showing whereas the Thrifticheck eyes are all black.

Apart from these insignificant differences the only other difference is in the finish used by defendant. Plaintiff's dogs are flocked with a tan colored substance which resembles dog hair. Defendant's dogs are bare plastic but are painted or tinted a tannish color.

These differences are totally irrelevant to the purpose for which the design is intended. Every important detail of the Royalty designs appear in the Thrifticheck dogs. The breed, size, shape and expressions of the dogs and each part of their bodies are almost precisely the same. The paws, ears, tails and mouths are carbon copies. The wrinkles about the foreheads and mouths are identical. In every important respect defendant's banks are a direct verisimilitude of plaintiff's designs. The variations in the finish, nose and eyes and any slight differences in size are all totally insignificant. This is not an instance or mere

704

accidental similarity. It necessarily must result from conscious and intentional copying.

This is borne out by Royalty's uncontroverted statement that Thrifticheck acquired its master molds from the same moldmaker who manufactured plaintiff's molds from its original designs.

Thrifticheck does not deny that it has copied. It defends on the grounds that (1) the copyrights are invalid because the notice of copyright has not been properly affixed to the produce, and (2) that Royalty has failed to establish its claim of irreparable injury and, therefore, is not entitled to a preliminary injunction.

If Royalty has valid copyrights which have not been lost by failure to affix proper notice as required by 17 U.S.C. §§ 10 and 19, then it is entitled to a preliminary injunction on a finding that defendant has infringed without a detailed showing of irreparable injury. See, e. g., Joshua Meier Co. v. Albany Novelty Manufacturing Co., 236 F.2d 144 (2 Cir. 1956); Rushton v. Vitale, 218 F.2d 434 (2 Cir. 1955); Cortley Fabrics Co. v. Slifka, 175 F.Supp. 66 (S.D.N.Y. 1959); Scarves by Vera v. United Merchants & Manufacturers, 173 F.Supp. 625 (S.D.N.Y.1959).

There is no doubt that copyright protection extends to Royalty's designs as productions of originality and novelty. See Rushton v. Vitale, supra. Royalty does not claim rights to all toy banks in the form of Boxer and Cocker Spaniel dogs. Its copyrights are for the particular novel and original renditions created and designed by it, which are legitimate subjects of copyright registrations. Royalty by its treatment of the subjects has contributed something recognizably its own which is by no means trivial. See Alfred Bell & Co. v. Catalda Fine Arts, 191 F.2d 99 (2 Cir. 1951); F. W. Woolworth Co. v. Contemporary Arts, 193 F. 2d 162 (1 Cir. 1951); aff'd 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276.

Therefore, if the notice of copyright on the metal disc at the bottom of its banks is properly affixed Royalty is entitled to a preliminary injunction. Though the discs themselves are not copyrighted, they are an integral part of the banks. Money is inserted into the bank through a slit in the top of the dog's head. A circular hole about an inch in diameter is molded into the bottom of the bank itself. The disc, which is marked clearly with Royalty's name, place of origin and notice of copyright, fits securely into the hole and prevents coins from falling out of the bank. It cannot fall out by itself and must be pried out with a flat object when the bank is emptied. The disc is firmly attached and is an essential part of the bank, and without it the product would not serve its purpose. The banks are sold with the disc securely inserted and it is so placed as to give adequate notice to anyone seeking to copy the article of the existence of the copyright. The method of affixing the notice amply satisfies the requirements of 17 U.S.C. §§ 10 and 19. See, e. g., Coventry Ware v. Reliance Picture Frame Co., 288 F.2d 193 (2 Cir. 1961), cert. den. 368 U.S. 818, 82 S.Ct. 34, 7 L.Ed.2d 24; Peter Pan Fabrics v. Martin Weiner Corp., 274 F.2d 487 (2 Cir. 1960); Boucher v. Du Boyes, 253 F.2d 948 (2 Cir. 1958), cert. den. 357 U.S. 936, 78 S.Ct. 1384, 2 L.Ed.2d 1550; Scarves by Vera v. United Merchants and Manufacturers, supra; Trifari, Krussman & Fishel v. Charel Co., 134 F.Supp. 551 (S.D.N.Y.1955).

Therefore, I find that the Royalty copyrights for its Boxer and Cocker Spaniel dog toy banks are valid and that it has made out a prima facie case of infringement of such copyrights by Thrifticheck. Under these circumstances the general statements by Royalty as to the irreparable damage it has and will continue to suffer as a result of this infringement are sufficient and the damages need not be detailed.

The motion for a preliminary injunction enjoining Thrifticheck pending the final determination of this action from making, publishing, distributing and selling the toy banks of which Royalty complains, or otherwise infringing the Roy-

alty copyrights, numbers Gp16890 and Gp16892, is hereby granted.

Pursuant to Rule 65(c), Fed.Rules Civ. Proc., 28 U.S.C., Royalty will be required as a condition of the grant of injunctive relief, to give security in the sum of $2,500 for the payment of such costs and damages as may be incurred or suffered in the event that Thrifticheck is found to have been unlawfully enjoined.

This opinion constitutes my findings of fact and conclusions of law pursuant to Rule 52(a), F.R.C.P.

Settle order which conforms with Rule 65(d), F.R.C.P., on notice.