PETER PAN FABRICS, INC.
and
Henry Glass & Co., Plaintiffs

v.

KAY WINDSOR FROCKS, INC.
and
Kay Juniors, Inc., Defendants

v.

ESQUIRE FABRICS, INC., Third-Party
Defendant.

United States District Court
S. D. New York.
Dec. 22, 1959.

Helfat & Helfat, New York City, for plaintiff.

Solomon & Rosenbaum, New York City, for defendants.

DIMOCK, District Judge.

This is an action for copyright infringement brought by Peter Pan Fabrics, Inc., and Henry Glass & Co., hereinafter collectively referred to as Peter Pan, against Kay Windsor Frocks, Inc., and Kay Juniors, Inc., hereinafter collectively referred to as Kay Windsor. Kay Windsor has filed a third-party complaint against Esquire Fabrics, Inc., hereinafter referred to as Esquire, claiming that the allegedly infringing goods were purchased from Esquire under warranties and representations which would entitle Kay Windsor to recover over against Esquire in the event that Kay Windsor should be held liable under the complaint for copyright infringement. The goods were sold by Kay Windsor to Esquire under written contracts of sale, each of which contained the following provision:

"9. All controversies arising out of, or relating to, this contract, or any modification thereof, or the breach thereof, shall be settled by Arbitration in New York in accordance with the Arbitration Rules of the National Federation of Textiles, Inc., or its successor then obtaining, and the parties consent to the jurisdiction of the Supreme Court of the said State for all purposes, including enforcement of the arbitration agreement and proceedings and entry of judgment on any award; and further consent that any process

or notice of motion or other application to the Court or a judge thereof may be served outside the State of New York by registered mail or by personal service, provided a reasonable time for appearance is allowed."

Two motions are before me. Esquire has moved to dismiss the third-party complaint on the general ground that the matter is covered by the agreement to arbitrate and is not within the jurisdiction of the court. Kay Windsor has moved to stay an arbitration proceeding which Esquire has requested the General Arbitration Council of the Textile Industry to entertain.

The question raised by each of these motions is whether Kay Windsor is entitled to assert a right of indemnity against Esquire in this court despite the provision for arbitration in the sales contract governing the sales from Esquire to Kay Windsor.

As a matter of interpretation of the words of the contract I can see no escape from the conclusion that the claim for indemnity against damages for copyright infringement by virtue of alleged warranties and representations made by the seller is a controversy "relating to" the contract of sale. It is argued by Kay Windsor that, if the arbitration clause is given effect, it will oust the federal court of jurisdiction, but that is the very purpose of an arbitration clause.

It is also argued on behalf of third-party plaintiff, Kay Windsor, that "the issues which the third-party defendant seeks to have arbitrated are compulsory counterclaims within the meaning of Rule 13(a) of the Federal Rules of Civil Procedure, and therefore these issues can only be raised as counterclaims by the third-party defendant in its answer to the complaint herein." This is utterly without substance. The issues that the third-party defendant seeks to have arbitrated are whether the third-party plaintiff Kay Windsor is right in claiming that the third-party defendant is obligated to indemnify Kay Windsor for any judgment rendered against Kay Windsor for copyright infringement. In

what sense those issues constitute a counterclaim is not apparent. The third-party defendant raises those issues by denial, not by counterclaim. It is only claims, not denials, that Rule 13(a), F.R. Civ.P., puts in the compulsory class.

■ The most serious point raised by third-party plaintiff Kay Windsor is that third-party defendant Esquire has waived any right that it had to insist upon arbitration. Before asserting the third-party claim Kay Windsor sought an indemnity agreement from Esquire. Counsel for Esquire replied to this request by a letter containing this statement:

"Following receipt of your proposal of indemnity we discussed the matter at length with our client.

"We are of the opinion that the matter must be litigated. Accordingly we suggest that you relieve your client of primary liability by impleading our client."

This letter was captioned, "Re: Henry Glass v. Kay Windsor v. Esquire".

It was not until this letter had been received that Kay Windsor did implead Esquire as third-party defendant. When impleaded, Esquire, in spite of its earlier suggestion that Kay Windsor should so implead it, made this motion to dismiss the third-party complaint on the ground that Kay Windsor had bound itself to arbitrate the claim and began demanding arbitration proceedings.

On the strength of Esquire's suggestion, Kay Windsor not only impleaded Esquire and filed the third-party complaint, but, as a result of that suggestion, it has been forced to defend Esquire's motion to dismiss the third-party complaint and has been forced to make this motion to stay the arbitration proceedings demanded by Esquire. All the elements of an estoppel are present. Esquire's suggestion impliedly embodied a representation that Esquire approved the procedure of assertion of the indemnity claim in the pending suit in this court. Kay Windsor acted upon that representation to its damage. Under the familiar rule Esquire cannot withdraw its approval.

Kay Windsor has suffered no damage, however, that cannot be readily measured in money. If Esquire is willing to make good this damage I can perceive no reason why Esquire should be held to the approval that it evinced of the assertion here of the indemnity claim.

Provided, therefore, that Esquire reimburses Kay Windsor for its counsel fees for bringing in Esquire as a third-party defendant, preparing the third-party complaint, opposing the motion to dismiss the third-party complaint and moving to stay the arbitration, the motion to dismiss the third-party complaint will be granted and the motion to stay the arbitration will be denied. Otherwise the motion to dismiss will be denied and the motion to stay arbitration granted.

Esquire will state its election by communicating with counsel for Kay Windsor within ten days after the appearance of a note of this decision in the New York Law Journal. The amount of counsel fees can then be fixed before me if the parties are unable to agree upon it.

■ In the event that Esquire does not elect to make reimbursement of Kay Windsor's counsel fees and the claim asserted in the third-party complaint remains in this court this court will have diversity jurisdiction over it. The jurisdictional amount and diversity of citizenship between third-party plaintiff and third-party defendant are alleged. Diversity of citizenship between the plaintiff and a third-party defendant is unnecessary in a case such as this where there is no controversy between those parties. 3 Moore's Federal Practice, 2d Ed., ¶ 14.26, p. 495; Lowry & Co. v. National City Bank, D.C.S.D.N.Y., 28 F.2d 895.

Motion to dismiss third-party complaint granted and motion to stay arbitration denied provided third-party defendant reimburses third-party plaintiff for counsel fees as above provided. Otherwise motion to dismiss denied and motion to stay granted.

So ordered.