**PETER PAN FABRICS, INC.**
and
**Henry Glass & Co., Plaintiffs**
v.
**CANDY FROCKS, INC., Defendant.**

United States District Court
S. D. New York.
June 21, 1960.

Helfat & Helfat, New York City, for plaintiffs.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant; Jacob M. Usadi, Theodore F. Tonkonogy, New York City, of counsel.

CASHIN, District Judge.

Plaintiffs have brought this motion for a preliminary injunction as copyright owners of a reproduction of a work of art known as Style 1460, Range 91, "Flower Plaid" (hereafter referred to as Flower Plaid). It was filed with the Register of Copyrights and was duly granted, on December 15, 1959, Copyright No. 9410 annexed to the moving papers.

■ The plaintiffs which, for the purposes of this motion, are to be regarded as one, are converters of textiles, used in the manufacture of women's dresses. A "converter" buys uncolored cloth upon which he prints ornamental designs and which he then sells to dressmakers. Defendant is a dress manufacturer. Plaintiffs allege that the defendant obtained textiles from an unnamed source which carried a reproduction of a work of art so closely similar to the copyrighted Flower Plaid as to constitute an infringement thereon. It is claimed that, by the sale of dresses manufactured from that textile, defendant has seriously interfered with and damaged plaintiffs' sale of the copyrighted goods. Plaintiffs allege that unless defendant is enjoined from continuing to sell, plaintiffs' copyright will become valueless and plaintiffs will be irreparably harmed. Clearly, the design is a proper subject of copyright. Peter Pan Fabrics, Inc. v. Brenda Fabrics, D.C.S.D.N.Y., 169 F.Supp. 142; cf. Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630. There is sufficient originality in the designs to warrant copyright. See Alfred Bell & Co., Ltd. v. Catalda Fine Arts, Inc., 2 Cir., 191 F. 2d 99, 102–103.

■■ Defendant, Candy Frocks, Inc., argues that the accused design is not an infringing copy of Flower Plaid. In this

the court cannot concur. In the case at bar we have two designs in which, unquestionably, the overall appearance evokes the striking impression that they are identical. True, upon a closer inspection it is found that there are minor dissimilarities between them but these distinctions are found in the size and shape of the individual floral designs and not in the structural and material characteristics. To quote the language of Judge Learned Hand in Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 2 Cir., 274 F.2d 487, 489—

> "The test for infringement of a copyright is of necessity vague. * * In the case at bar we must try to estimate how far its overall appearance will determine its aesthetic appeal * * *. Both designs have the same general color, and the arches, scrolls, rows of symbols, etc. on one resemble those on the other though they are not identical. Moreover, the patterns in which these figures are distributed to make up the design as a whole are not identical. However, the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same."

This language is entirely applicable to the case at bar except that we are now concerned with floral patterns rather than arches, scrolls, rows of symbols, etc. Obviously, floral patterns are in the public domain, but plaintiff has contributed enough originality in the designs to qualify them as distinguishable variations. See Scarves by Vera, Inc. v. United Merchants & Manufacturers, Inc., D. C., 173 F.Supp. 625; Alfred Bell & Co., Ltd. v. Catalda Fine Arts, Inc., supra.

It is true that plaintiffs' and defendant's designs are floral patterns and that a substantial similarity would not necessarily indicate copying. However, to this court, the dissimilarities appear quite obviously to be the result of a studied effort to make minor distinctions, as evidenced by the use of virtually identical color schemes giving their overall appearance striking similarity. A further indication that defendant copied plaintiffs' Flower Plaid is found in the fact that twice in March of 1960 defendant purchased from plaintiff, Henry Glass & Co., sample cuts, of approximately five yards to each cut, of the Flower Plaid. That was prior to defendant's subsequent "purchase" of the infringing textile.

██ Plaintiffs did not fail to give the statutory notice of copyright. There is no question that the bolts of cloth were adequately marked to comply with Title 17 U.S.C. § 10, for a notice of copyright was carried on the selvage at 6″ intervals. Where the copyrighted work is a repetitive design imprinted on a continuous roll of material, and when the notice is imprinted at least once for every repeat of the design on the edge, the statutory requirement is met. See Peter Pan Fabrics, Inc. v. Acadia Co., D.C., 173 F. Supp. 292, 305, affirmed sub nom. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 2 Cir., 274 F.2d 487.

██ There is nothing in the papers before this court which sustains the defendant's assertion that plaintiffs are misusing the copyright protection. If, indeed, plaintiffs had violated the antitrust laws by their trade practices, which the court does not find to be true, in this case it would not be a defense to an action for copyright infringement. Cf. Alfred Bell & Co., Ltd. v. Catalda Fine Arts, Inc., supra, 191 F.2d at page 106, and the cases cited therein under Note 31.

Recently, there have been numerous cases upholding copyrights in this field which sustain the granting of a preliminary injunction as the proper remedy for the copyright proprietor. See e. g. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., supra; H. M. Kolbe Co., Inc. v. Armgus Textile Co., Inc., D.C., 184 F.Supp. 423, affirmed 2 Cir., 279 F.2d 555. It has also been held that a dress manufacturer may be enjoined. Peter Pan Fabrics, Inc. v. Kay Windsor Frocks, D.C., 187 F.Supp. 763.

██ Plaintiffs are entitled to a preliminary injunction against defendant.

Plaintiffs will suffer irreparable harm if a preliminary injunction is not issued.

The plaintiffs' motion is granted.

Settle order on notice in accordance with Federal Rules Civil Procedure Rule 65(d), 28 U.S.C. The findings and conclusions required by Federal Rules Civil Procedure Rule 52(a) are contained in this opinion. Plaintiffs must furnish security in the amount of $10,000 to defendant.