**CLARION TEXTILE CORP., Plaintiff,**

v.

**Joseph SLIFKA and Sylvia Slifka, individually and as co-partners, d/b/a Slifka Fabrics, Defendants.**

United States District Court
S. D. New York.
July 11, 1961.

Helfat & Helfat, New York City, for plaintiff.

Arnold R. Krakower, New York City, for defendants.

DIMOCK, District Judge.

Plaintiff, owner of the copyright of a design for fabrics known as Capri No. 751, sues defendant for, among other things, an injunction against the sale of textiles bearing defendants' design known as Slifka Fabrics No. 9074, alleging that it infringes plaintiff's copyright. A motion for a preliminary injunction is before me.

There is no doubt that plaintiff's design was the inspiration of defendants'. Defendants' affidavits make no claim that defendants' treasurer who ordered the design or defendants' employee who followed his orders in laying it out had not seen plaintiff's design. Among the various color schemes of the fabrics bearing defendants' design there are three which exactly duplicate the three color schemes used by plaintiff on fabrics bearing its design. This identity could only have been the result of deliberate copying.

The color schemes in which plaintiff's design is used are not, so far as appears from this record, copyrighted and plaintiff does not rely on unfair competition as a basis for a preliminary injunction. The basic question then is whether defendants copied plaintiff's design as well as plaintiff's colors.

As I have said, plaintiff's design was undoubtedly the inspiration of defendants'. The only question is whether defendants have gone past the permissible appropriation of an idea and reached the point of the forbidden appropriation of its expression.

I must hold that defendants have not passed the bounds of idea appropriation. The designs are enough alike so that a woman wearing plaintiff's Capri #751 in brown and green would exclaim "There goes my dress" if she saw a woman wearing Slifka Fabrics No. 9074 in the same color scheme. My belief is, however, that there would be no such exclamation if the Slifka Fabrics No. 9074 were in light green and cerise.

As far as the designs are concerned all that can be said about their similarity is that each consists of flowers enclosed

in staggered rectangles formed by fine lines. Plaintiffs' flowers are in impressionistic masses which would overflow the boundaries if not cut off by them. Defendants' are individual sprays, clearly defined and carefully fitted into the rectangles with unoccupied margins to spare.

Plaintiff has made no such prima facie case of copyright infringement as to warrant a preliminary injunction on that ground.

Motion denied.