**MANES FABRICS CO., Inc., Regulated Cottons, Inc., J. Manes Co., Inc., and Jack Borgenicht, Inc., Plaintiffs,**

v.

**MISS CELEBRITY, INC., Defendant.**

United States District Court
S. D. New York.
Aug. 17, 1965.

Morris M. Mintz, New York City, for plaintiffs.

Joseph Miller, New York City, for defendant.

CANNELLA, District Judge.

Motion by the plaintiffs for a preliminary injunction [1] enjoining the defendant from manufacturing, converting, selling and distributing textile or other materials bearing a reproduction of the work of art which is like or similar to the copyrighted work of art of the plaintiffs, is denied.

Plaintiffs J. Manes Co., Inc., Regulated Cottons, Inc., and Manes Fabrics Co., Inc. are members of the same corporate family. The latter two corporations are subsidiaries of the parent, J. Manes Co., Inc. The fourth plaintiff in the case, Jack Borgenicht, Inc., is a dress manufacturer. The defendant, Miss Celebrity, Inc., is also engaged in manufacturing dresses.

Regulated Cottons, Inc., after copyrighting the particular fabric pattern in issue,[2] permitted its affiliated company, Manes Fabrics Co., Inc., to market the pattern. Manes Fabrics sold the pattern exclusively to Jack Borgenicht, Inc. Borgenicht used the material to manufacture a particular style of children's dresses. The plaintiffs claim that the defendant has "pirated" their copyrighted design and is presently using it on an inferior grade of cloth to produce a cheaper copy of the dress manufactured by Borgenicht.

By complaint dated August 3, 1965, suit was instituted against the defendant for copyright infringement and unfair competition. To obtain interim protection against the alleged infringement, the plaintiffs made the present motion for a preliminary injunction.[3] In answer to this application for injunctive relief, the defendant maintains that the registered design is not sufficiently original to warrant copyright protection. The de-

1. The plaintiffs did not move for the requested relief pursuant to any particular statute. However, the Congress has provided authority in Rule 56 of the Federal Rules of Civil Procedure and more particularly in 17 U.S.C. § 112 for the issuance of preliminary injunctions in cases of copyright infringement.

2. The copyright, bearing the registration number H27303, was issued on January 3, 1964. The copyright certificate is in the form used by the Register of Copyrights for "reproductions of works of art",
17 U.S.C. § 5(h); the nature of the work is described as "Design."

3. The plaintiffs do not seek, and the proof before the court would not permit, the granting of an injunction on considerations related to unfair competition. It is true that the dress manufactured by the defendant is similar to the one marketed by Borgenicht. See footnote 4, infra. However, no offer of proof was made, inter alia, in regards to the relative market areas or the clientele attracted by the respective manufacturers.

fendant further states that its design is essentially different from that of the plaintiffs.

 The plaintiffs have satisfied all the statutory requirements for copyright registration and consequently their copyright has prima facie validity. H. M. Kolbe Co. v. Armgus Textile Co., 184 F. Supp. 423 (S.D.N.Y.), aff'd 279 F.2d 555 (2 Cir. 1960); Peter Pan Fabrics, Inc. v. Acadia Co., 173 F.Supp. 292, 299 (S.D. N.Y.1959), aff'd 274 F.2d 487 (2 Cir. 1960). The defendant has attempted to rebut the resulting presumption of the copyrighted design's originality by exhibiting to the court other fabrics featuring floral arrangements set against vertical stripes. However, in view of this court's finding that the defendant's fabric is not a "copy" of the plaintiffs', the question of whether the registered design is sufficiently original to warrant copyright protection becomes moot.

 The resolution of the present motion rests on a comparison of the designs embodied in two fabrics, namely the plaintiffs' (Exh. A) and the defendant's (Exh. B). The question is whether the defendant "copied" the plaintiffs' registered design. "Copying" is a concept without statutory definition. Peter Pan Fabrics, Inc. v. Acadia Co., 173 F. Supp. at 301. Those courts which have had occasion to consider the issue distinguish between copying an idea and the expression of that idea. Condotti, Inc. v. Slifka, 223 F.Supp. 412 (S.D.N.Y. 1963); Clarion Textile Corp. v. Slifka, 223 F.Supp. 950 (S.D.N.Y.1961). Only the latter constitutes an infringement. Condotti, Inc. v. Slifka, supra 223 F. Supp. at 415. See also Peter Pan Fabrics, Inc. v. Acadia Co., supra; Peter Pan Fabrics, Inc. v. Candy Frocks, Inc., 187 F.Supp. 334 (S.D.N.Y.1960). Even if the defendant has sedulously borrowed each of the plaintiffs' ideas, that alone is not violative of the copyright statute. Condotti, Inc. v. Slifka, supra, 223 F. Supp. at 415. The plaintiff can only prevail if the overall aesthetic impressions created by the designs are substantially the same. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960); Comptone Co. v. Rayex Corp., 251 F.2d 487, 488 (2d Cir. 1958); Trifari Krussman & Fishel, Inc. v. Charel Co., 134 F.Supp. 551 (S.D.N.Y. 1955).

In the case at bar, the defendant's design is not sufficiently imitative to constitute an infringement. There are obviously certain underlying similarities. Various shades of green, brown and yellow are present in both fabrics. The design of both materials consists essentially of floral bouquets set against a striped background. The width of the stripes and the distance separating the individual stripes appear to be identical. However, the dissimilarities of design are more pronounced. The defendant uses darker shades of green and brown in its flowers, although its yellow is lighter than the plaintiffs'. In addition, the green stripes in the defendant's fabric are considerably brighter than their counterpart in the plaintiffs' fabric. The compositions of the flowers are dissimilar in the two fabrics. An inspection of the defendant's fabric also indicates continuous fine black lines around the edges of the pattern's flowers, leaves and stems. This "edging" effect is essentially absent in the plaintiffs' fabric.

 Because of the aforementioned differences, in addition to others not listed, the total impressions created by the two designs are not substantially similar, and consequently no confusion on the part of the buying public can be anticipated.[4] The defendant's fabric presents

---

4. In Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960), the court indicated that in resolving the question of infringement "we must try to estimate how far its overall appearance will determine its aesthetic appeal when the cloth is made into a garment." In the instant case, two dresses were submitted to the court, one made from the plaintiffs' fabric and the other with the defendant's. A comparison of the dresses discloses far more similarities than can be seen from a comparison of the fabrics as such. However, the similar im-

a cluttered impression and is the so called "busy design". This is in distinct contrast to the plaintiffs' clear and ordered design. This court, for the purposes of the present motion, finds that the defendant did not "copy" the registered design of the plaintiffs'.

So ordered.

pression created by the dresses is primarily attributable to the fact that the physical characteristics of the garments, such as the sleeves and the belts, are substantially identical. Cf. Condotti, Inc. v. Slifka, 223 F.Supp. 412, 415 (S.D.N.Y. 1963).