**PRESTIGE FABRICS, INC., Plaintiff,**

**v.**

**UNIVERSAL MANUFACTURING CORP., Kingly Manufacturing Co., Inc., Great Eastern Textile Printing Company, and Leewin Fabrics Co., Inc., Defendants.**

**No. 69 Civ. 4098.**

United States District Court
S. D. New York.

Oct. 16, 1969.

Lilling & Siegal, New York City, for plaintiff.

Strassberg & Strassberg, New York City, for defendants.

EDELSTEIN, District Judge.

### OPINION

This is an action for copyright infringement and for unfair competition. The plaintiff, Prestige Fabrics, Inc., is engaged in the textile industry as a converter and has obtained a copyright on a fabric design created by it and identified as "Textile Design Pattern No. 1929." The defendants are companies which are also engaged in the textile industry. This motion, brought on by an order to show cause, was made by the plaintiff and seeks a preliminary injunction pursuant to Rule 65, F.R.Civ.P., enjoining the defendants from infringing the above-mentioned copyright by publishing, manufacturing, selling, using, or otherwise disposing of a textile design, or garments made therefrom which is alleged to be a copy of plaintiff's Pattern No. 1929. The plaintiff also petitions this court for an order directing the defendants to deliver up for impounding pending the determination of this action all copies of the allegedly infringing design as well as all garments in their possession or under their control made from the design, together with all of the plates, molds, screens, and other matter necessary for making infringing copies.

Preliminary injunctive relief is, of course, an extraordinary remedy, and the grant of such relief, the application for which is addressed to the sound discretion of the court, can be made only after a consideration of all of the relevant factors. The cases in this circuit have held that a copyright holder is entitled to a preliminary injunction even without a detailed showing of irrepara-

ble injury if he is able to make out a prima facie showing of copyright infringement. *E.g.*, American Metropolitan Enterprises of New York, Inc., v. Warner Bros. Records, Inc., 389 F.2d 903 (2d Cir. 1968). This rule, though, emphasizes the requirement that the plaintiff demonstrate to the court the reasonable probability of his ultimate success in the action for infringement. To do this it is incumbent upon the plaintiff to show a substantial similarity between his copyrighted design and the design of the defendant. The issue of substantial similarity is one of fact, the ultimate test being whether an average lay observer would recognize the alleged copy as being an appropriation of the copyrighted work. Concord Fabrics, Inc., v. Marcus Brothers Textile Corp., 409 F.2d 1315 (2d Cir. 1969); Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021 (2d Cir. 1966). Upon the papers and the exhibits presented at the hearing on the instant motion, this court is not persuaded that the plaintiff has satisfied its burden in this regard.

The observable similarities between the two designs are of a surface nature only. Both represent large scale overall floral patterns of approximately the same size, and when printed in a blue, green, and yellow setting, the color compositions appear to be similar. The flowers in both designs are outlined in black, and broken black lines appear in the melon-like shapes which are scattered in the respective backgrounds of each.

Noting the differences between the designs, only the plaintiff's design contains large white flowers. In addition the largest flowers in the design contain white pollen shapes in their centers In contrast the color white is used in defendants' pattern primarily in little shapes similar to flower buds which are strewn throughout the design. The defendants' design has a definite and large background whereas the background in the plaintiff's is much less noticeable. While the alleged copy contains the many small white shapes described above, the plaintiff's pattern consists only of large forms. Also, as already noted, while the uses of black are somewhat alike in both patterns, only the defendants' employs heavy black lines within the outer petals of the largest flower to indicate multiple layers of petals within the same flower.

What is crucial for this motion, however, is not simply the existence of these and other particular similarities and differences but the fact that the total aesthetic appeal of each design is entirely different. The plaintiff's pattern presents a soft, muted image. Each flower in the design quietly blends into the next; there is no sharp distinction between the flowers and the background, nor is there a substantial contrast between one flower and the next, most of these being of the same proportion and of similar dimensions. Defendants' design, by comparison, practically leaps at the viewer. Here the flowers are bold forms emblazoned on a definite and pervasive background. The eye is immediately drawn to the largest flowers by the very sharp presence of the color black. And the tiniest of flowers are juxtaposed next to and even superimposed upon the largest.

" ' Copying' is a concept without statutory definition. * * * Those courts which have had occasion to consider the issue distinguish between copying an idea and the expression of that idea. * * * Only the latter constitutes infringement. * * * Even if the defendant has sedulously borrowed each of the plaintiffs' ideas, that alone is not violative of the copyright statute. * * * The plaintiff can only prevail if the overall aesthetic impressions created by the designs are substantially the same. * * * " Manes Fabrics Co., v. Miss Celebrity, Inc., 246 F.Supp. 975 (S.D.N.Y.1965) (citations omitted)

For the reasons given this court concludes that the patterns of the parties are not so similar as to indicate that the plaintiff will probably succeed ultimately on the merits in this action and that it

is therefore entitled to the preliminary relief sought. Clarion Textile Corp. v. Slifka, 223 F.Supp. 950 (S.D.N.Y.1961). In light of this decision the court has found it unnecessary to consider the other contentions of the parties. Plaintiff's motion is accordingly denied.

So ordered.