HEDAYA BROTHERS, INC., Plaintiff,

v.

CAPITAL PLASTICS, INC., Defendant.

No. 79 Civ. 4104 (MP).

United States District Court,
S. D. New York.

July 23, 1980.

Benjamin Wyle, New York City, for plaintiff by Erwin J. Shustak, New York City.

Cowan, Liebowitz & Latman, New York City, for defendant by Arthur J. Greenbaum, New York City.

OPINION

MILTON POLLACK, District Judge.

Plaintiff Hedaya Brothers, Inc., instituted this suit against defendant Capital Plastics, Inc., for statutory copyright infringement and the related common law torts of unfair trade practices and competition. Plaintiff seeks a permanent injunction enjoining defendant from infringing plaintiff's registered copyright designs and damages. Jurisdiction is conferred on this Court by 28 U.S.C. § 1338.

At the inception of this suit, plaintiff sought and obtained without objection a temporary restraining order pending a

hearing on plaintiff's application for a preliminary injunction. On the return date, a preliminary injunction was consented to, without bond and without prejudice. Thereafter extensive discovery was had by the parties and a trial date was set in due course. The issues were heard at a Bench trial.

The complaint alleges that prior to May 1, 1977, plaintiff created five separate fabric designs consisting of fruit (either strawberries, pears, mushrooms, oranges or apples) in a mason jar, surrounded by a gingham check; that these fabric designs contain a large amount of material wholly original with plaintiff; that between May 1, 1977 and May 22, 1978 plaintiff complied in all respects with Title 17, U.S.C. and all other laws governing copyright, thereby securing valid copyrights of each of those designs; and that on May 22, 1978, plaintiff received from the Register of Copyrights Certificates of Registration for those designs.

The complaint alleges further that after May 1, 1978, defendant began publishing and selling tablecloths bearing artwork copied from plaintiff's copyrighted designs; that plaintiff notified defendant of plaintiff's copyrights and demanded that defendant cease any further infringement, but that defendant has continued to publish and sell its infringing product.

Defendant's answer denied the material allegations of the complaint and affirmatively alleged that: 1) plaintiff has continuously published and sold its fabric designs without the required copyright notice, and has therefore forfeited all alleged copyrights to the public domain; and 2) the subject matter of plaintiff's designs was not copyrightable. Defendant alleged further, in two counter-claims against plaintiff, that plaintiff is attempting to enforce copyrights that it knows to be invalid against defendant and defendant's customers. Defendant seeks a judgment declaring plaintiff's copyrights to be invalid, an injunction enjoining plaintiff from attempting to enforce these copyrights, damages and attorney fees.

The issues were bifurcated and the trial proceeded solely on the issues of liability. For the reasons discussed hereafter, plaintiff is not entitled to the relief sought and its complaint will be dismissed. Defendant's counterclaims based on the invalidity of plaintiff's claims will also be dismissed.

*Plaintiff's designs*

In or about 1977 plaintiff began to offer for sale an ensemble of goods bearing designs in the nature of a jar, containing either strawberries, pears, apples, mushrooms or oranges, surrounded by a gingham check. These designs, which defendant is alleged to have infringed, are collectively designated by plaintiff as the Country Gingham Ensemble. Plaintiff's artist obtained her inspiration for these designs from magazine photographs many years old which portrayed fruits or vegetables in mason jars on a gingham tablecloth. At trial, samples of kitchen towels, potholders, dishcloths, oven mitts, cobbler's aprons and toaster covers bearing these designs were introduced. Between 1977 and the present time, plaintiff's gross sales of items bearing designs allegedly have totalled more than $10,000,000.

Plaintiff was granted copyrights (numbers VA4–298, 299, 300, 301, and 325) for the Country Gingham Ensemble designs on May 22, 1978.

*Defendant's designs*

In late 1977, Meyer Cohen, vice-president of defendant Capital Plastics, gave one of his artists a series of washcloths bearing plaintiff's Country Gingham designs and asked the artist to modify the designs so that they would be suitable for a plastic tablecloth. Although these washcloths bore plaintiff's designs, they contained no notice of copyright and failed to indicate to defendant's artist that the designs were copyrighted material.

Defendant's artist proceeded to modify the washcloth designs as directed by Mr. Cohen. The resulting designs bore the same idea as that used by the plaintiff; they depicted fruit in a jar on a gingham check, but defendant's rendering differed perceptibly from plaintiff's in the following

respects: the shape of the jars (defendant's jar is circular; plaintiff's is rectangular); the closure mechanism of the jars (defendant's appears to be designed for a simple screw or plug top, whereas plaintiff's jar features the wire closing apparatus and lid that is the hallmark of mason jars); the labelling of the fruit (defendant's appears on the mouth of the jar, while plaintiff's is on the base of the jar); and the script labelling the fruit is different. Furthermore, although defendant used the same varieties of fruit as plaintiff, and placed the same number of fruit in each jar, the particular executions differ in that: defendant's apple jar does not have a sliced apple therein; defendant's orange jar has a halved rather than quartered orange therein; defendant's pear jar does not contain a sliced pear; defendant's strawberry jar contains a much larger fourth strawberry. More generally, defendant's designs were less detailed than plaintiff's, had different depth and definiteness of color tones and textures, and featured all five fruits on one cloth as opposed to one fruit per cloth.

Defendant first printed approximately 2,000 yards of vinyl bearing the alleged infringing designs in February 1978 and subsequently printed approximately 10,000 yards of vinyl with those designs in November 1978. No further printing was made by the defendant. Defendant first offered its tablecloths bearing the allegedly infringing designs for sale in early 1978, and continued to offer and sell those tablecloths as late as the spring of 1979.

*Defendant's actual notice of plaintiff's copyrights*

In or about April 1978, Meyer Cohen met with Joseph Hedaya, president of plaintiff. In the course of the meeting, Messrs. Cohen and Hedaya discussed the Country Gingham Ensemble, the success that plaintiff was having with it, and the fact that plaintiff was licensing the design to several third parties. It does not appear that plaintiff made any demand at this meeting that defendant stop marketing its tablecloths, although defendant had already started offering its allegedly infringing items for sale.

However, on or about May 22, 1979, plaintiff's attorneys sent defendant a letter demanding that defendant cease and desist from selling the allegedly infringing tablecloths.

*The scope of plaintiff's publication without notice*

In or about August 1979, defendant sent three of its employees to four different stores in New York and New Jersey. At each of these stores (L. H. Martin, Highway Textiles, and two K-Marts), defendant's employees found and purchased washcloths and toaster covers bearing plaintiff's Country Gingham designs, none of which bore any notice of copyright on them. These items were introduced at trial. Defendant has also submitted an advertising flier used by plaintiff since September 1978 in which none of the pictured products (all bearing the Country Gingham Design) contain any copyright notice.

Plaintiff attempted to explain the absence of any notice from these products by introducing evidence that lint or tape on the screens used for printing the designs may at times obscure the notice. According to plaintiff, tape is sometimes used to reinforce the screens, and because the notice is relatively near to the edge of the screen, it may become taped over. Plaintiff also introduced testimony, however, that it has a quality control system which is supposed to check for irregularities, including missing copyright notices. The screens are changed from time to time as wear and tear occur.

*Defendant did not infringe plaintiff's copyrights*

■ The test for determining whether a copyright infringement has occurred is whether "an average lay observer would find a substantial similarity in the designs, recognizing the copy as an appropriation of the copyrighted work." *Concord Fabrics, Inc. v. Marcus Brothers Textile*, 409 F.2d 1315, 1316 (2d Cir. 1969). "The plaintiff can only prevail if the overall aesthetic impressions created by the designs are substantially the same." *Prestige Fabrics, Inc. v. Universal Manufacturing Corp.*, 304 F.Supp.

903, 905 (S.D.N.Y.1969), *quoting Manes Fabrics Co. v. Miss Celebrity, Inc.*, 246 F.Supp. 975 (S.D.N.Y.1965).

■ In making this determination, it must be remembered that plaintiff's copyright does not protect the idea of fruit in a jar on gingham cloth, but only plaintiff's particular expression of that idea: "Even if the defendant has sedulously borrowed each of the plaintiffs' ideas, that alone is not violative of the copyright statute." *Manes Fabrics, supra.*

■ In this case, plaintiff's artist obtained her idea for the Country gingham Ensemble from old magazine photographs portraying fruit or vegetables inside jars on a gingham cloth. Plainly, the ideas contained in the Country Gingham Ensemble were old hat, and the originality of plaintiff's design was minimal. This, too, must be weighed in considering plaintiff's claim of infringement, because, "[w]here, as here, a basic design is not original with a plaintiff, small variations by subsequent designers may protect them from charges of infringement" *Lauratex Textile Corp. v. Citation Fabrics Corp.*, 328 F.Supp. 554 (S.D.N.Y. 1971), *quoting Concord Fabrics, Inc. v. Generation Mills, Inc.*, 328 F.Supp. 1030 (S.D.N.Y.1971).

■ Addressed in this light, plaintiff's claim of infringement cannot be sustained. The most immediately apparent difference between defendant's and plaintiff's designs is in the execution of the respective jars: no lay observer could possibly mistake defendant's cannister-type jar for plaintiff's mason jar. As defendant correctly points out, plaintiff's stylized rendering of the mason jar seems to be the most original element of the design, and accounts in large part for the particular aesthetic quality of the work. When we add to this glaring difference between the jars the various differences in the rendering of the fruit, the relocation of the label, the use of all five designs together on a different material for a different purpose, the generally less detailed nature and duller color tones of defendant's work, there is little left on which a claim of substantial similarity could be based.

In sum, the Court finds that the aesthetic appeals of the parties' respective designs are not substantially the same, and would not strike the average lay observer as being substantially the same.[1] Defendant has not infringed plaintiff's copyrights.

*Defendant's claim as to the invalidity of plaintiff's copyrights*

Defendant has raised a substantial question as to whether plaintiff has forfeited its copyrights by failing to comply with the notice requirements of the Copyright Act of 1909.[2] The proof at trial showed that as early as 1977, defendant had in its possession three washcloths of plaintiff's that did not bear any notice of copyright. An advertising flier which plaintiff has used since at least September 1978 depicts the items in suit on which no copyright notice can be discerned. In or about August 1979, defendant's representatives were able to purchase Country Gingham Ensemble designs not bearing any copyright notice from retail stores as widely dispersed geographically as

---

1. Indeed, in response to a question by the Court, plaintiff's president, Joseph Hedaya, seemingly intimated that a consumer might not mistake plaintiff's and defendant's designs at first glance.

2. This action is governed by the Copyright Act of 1909 because the designs in question were created and published prior to January 1, 1978, the effective date of the Copyright Act of 1976. Under the old Act, statutory protection was obtained only by publication of the work with the notice of copyright required by what was formerly 17 U.S.C. § 10, in the form required by the former 17 U.S.C. § 19. While under the saving provision of the former 17 U.S.C. § 21, publication without the prescribed notice would not invalidate a copyright where the omission of notice was only from a "particular copy or copies", *National Comics Publications v. Fawcett Publications*, 191 F.2d 594, 601 (2d Cir. 1951), publication without "substantial compliance" with the notice requirements would constitute a forfeiture of the copyright and a dedication of the work to the public "sufficient to defeat all subsequent efforts at copyright protection." *Fleisher Studios, Inc. v. Ralph H. Freundlich, Inc.*, 73 F.2d 276, 277 (2d Cir. 1934).

Elmont, N.Y., Brooklyn, N.Y., Staten Island, N.Y., and Eatontown, N.J.

If this Court were required to decide the issue, it would be inclined to find under the facts and circumstances in evidence that a forfeiture had occurred. However, in light of the foregoing conclusion that no infringement has occurred in any event, and bearing in mind that defendant bears the burden on the question of forfeiture, *Leon B. Rosenblatt Textiles, Ltd. v. M. Lowenstein & Sons, Inc.*, 321 F.Supp. 186 (S.D.N.Y.1970) the Court does not deem it necessary herein to make a finding on this issue and chooses not to exercise its discretion to grant defendant the declaratory relief it seeks in this regard.

The issues of credibility are resolved in favor of defendant.

*Conclusion*

In sum, the Court finds that defendant has not infringed plaintiff's copyrighted designs and deems it unnecessary and inappropriate to pass on the question of whether plaintiff has forfeited its copyrights. The findings made herein dispense with plaintiff's other claims, which the Court finds to be equally without merit. Under the rulings made herein, there is no basis for finding that plaintiff has knowingly pursued an invalid copyright. Accordingly, plaintiff's complaint and defendant's counterclaims should be and hereby are dismissed.

The foregoing shall constitute the findings of fact and conclusions of law required by Rule 52(a), Fed.R.Civ.P.

So ordered.